# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN A. RHODES,<br><br>                Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration,<br><br>                Defendant. | CASE NO. 06cv1453 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation of Magistrate Judge Nita L. Stormes, recommending that the Court grant in part and deny in part Plaintiff's Motion for Summary Judgment, grant in part and deny in part Defendant's Cross Motion for Summary Judgment, and remand in part to the Social Security Administration. (Doc. # 19).

## Background

On June 9, 2004, Plaintiff Karen A. Rhodes filed an application for Disability Insurance Benefits and Supplemental Security Income. (Administrative Record ("AR") 80-82, 325-327). On September 15, 2004, the Social Security Administration denied Plaintiff's application. (AR 31-35). On February 25, 2005, the Social Security Administration denied Plaintiff's application again on reconsideration. (AR 39-43). On March 18, 2005, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 44).

On September 19, 2005, the ALJ held a hearing on Plaintiff's application. (AR 335-339). On October 22, 2005, the ALJ issued a decision denying Plaintiff's application for benefits. (AR 18-28). May 18, 2006, the Appeals Council declined to review the ALJ's decision. (AR 5-8).

On July 18, 2006, Plaintiff commenced the instant action for judicial review and remedy of the Social Security Administration's final administrative decision pursuant to 42 U.S.C. § 405(g). (Doc. # 1). On December 14, 2007, Magistrate Judge Nita L. Stormes issued the Report and Recommendation, recommending that the Court (1) grant in part and deny in part Plaintiff's Motion Summary Judgment, (2) grant in part and deny in part Defendant's Cross Motion for Summary Judgment, and (3) remand in part to the Social Security Administration "so that the ALJ can apply SSR 00-4p's requirements and determine: (1) whether the jobs the [Vocational Expert] identified have definitions consistent with those in the [Dictionary of Occupational Titles] and compared to [Plaintiff's] limitations; and (2) whether there is a reasonable explanation for any inconsistencies between the [Vocational Expert's] testimony and information in the [Dictionary of Occupational Titles]." *R&R,* p. 10-11.

Neither party filed objections to the Report and Recommendation.

## **Applicable Law**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**Ruling of the Court**

Neither party objected to the Magistrate Judge's Report and Recommendation in this case, and this Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the Magistrate Judge correctly determined that the ALJ's conclusion that the interstitial cystitis would not limit Plaintiff's ability to function in the workplace was supported by substantial evidence and is free of legal error. The Court also concludes that the Magistrate Judge correctly determined that the ALJ had a duty to ask the Vocational Expert about a potential conflict between Plaintiff's limitations and the definitions in the Dictionary of Occupational Titles and whether there is a reasonable explanation for any possible inconsistencies, and that the ALJ's failure to inquire into this potential conflict constitutes reversible error.

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (Doc. # 19) is adopted in its entirety. Plaintiff's Motion for Summary Judgment (Doc. # 14) is **GRANTED in part and DENIED in part.** Defendant's Cross Motion for Summary Judgment (Doc. # 17) is **GRANTED in part and DENIED in part.** The Court **REMANDS in part** to the Social Security Administration for further administrative proceedings consistent with the Report and Recommendation.

DATED: February 27, 2008

**WILLIAM Q. HAYES**
United States District Judge